Green, J.,
delivered the opinion of the court.
In this case the law was stated with great accuracy and precision by'the circuit court, in the charge to the jury. But although no'exception is taken to the charge of the court, it is contended, that the evidence shows Lyle, to whom the box was delivered, to have been a special, and not a general agent of the defendant, because he was not authorised to forward goods by the stage, unless they were put in charge of some passenger, and therefore the jury found a verdict contrary to the law.
In order the better to apply the facts of this case to the principles of law, we will consider what is a general and what a special agency.
“By a general agency is understood, not merely a person substituted in place of another, for transacting all manner of business, since there are few instances in common use of an agency of that description, but a person whom a man puts in *508 his place to transact all his business of a particular kind, as to buy and sell certain kind of wares, to negotiate certain contracts and the like.” Paley on Agency, 162-3. But a special agent is where one is employed about “one specific act, or certain specific acts only.” Paley on Agency, 164.
It will be seen from this definition of a general agency, that if a stage contractor puts a man in his place to transact all his business of a particular kind, as to receive, and forward passengers and baggage in the stage, and to receive payment therefor, at any particular stand or stage office, such person is the general agent of the contractor or owner of the stage. In such case, though the owner of the stage may limit the agent by a private order or direction, still he is bound for all his agent’s acts, though not conformable to his direction, if within the scope of his employment, unless this limitation upon the power of the agent be known to the party dealing with him. Paley on Agency, 163.
It is not therefore a limitation, by private instructions to the agent, that constitutes a special agency. That is a matter between the principal and agent alone, unless it be disclosed to ibe party dealing with the agent. If the agent has not acted in conformity to his commission, he is responsible to his principal. By placing the party in the situation of a general agent, the principal has been instrumental in producing the injury through his agent’s misconduct, and he ought to suffer for it, rather than a stranger, who is equally innocent with himself.
Apply these principles to the facts of this case, Lyle was the agent of the plaintiff in error, to receive money for him at Nashville, for the transportation in his stages of passengers, baggage, packages, and whatever else they were in the habit of transporting in the stage. But he was instructed to send no baggage, or package, unless it were under the care of a passenger. Now, this constituted him a general agent, for a “general authority,” says Lord Ellenborough, “does not import an unqualified one, but that which is derived from a multitude of instances; whereas a particular authority is confined to an individual instance.” Whitehead vs. Tuckett, 15 East. 400. Therefore if a general factor sell for a less price than *509 he is authorised to take, bis sale is nevertheless valid. So if he have usually been employed to purchase silks, and he buy a commodity of a different kind, the principal is chargeable. Paley; Agency, 169.
Had Lyle’s agency, instead of extending to the business of the stage office in Nashville generally, been restricted to a few specific acts, his employer would not have been bound, unless his authority had been strictly pursued, for then it would have been the business of the party dealing with him to examine his authority. Paley on Agency, 164. But when he was constantly in the habit of receiving money for the transportation of baggage, packages, &c., and superintending and giving directions as to who, and what should be conveyed in the stages, thus exercising a general agency in the business, how was the public to know that he had private instructions never to send articles except in charge of a passenger?
If such instructions, in such a case as this, would excuse the principal from liability, innocent persons dealing with an unfaithful agent, would be constantly liable to loss; while his principal, by employing, and giving him credit with the public, would be liable to no responsibility for his frauds, provided he had given him private instructions.
This would be reversing the rule of law upon this subject. The rule is, that where one of two innocent persons must suffer, by the fraud of a third, he who enabled that person, by giving him credit to commit the fraud, ought to be the sufferer. 3 T. R. 70.
We think there is no error in the judgment, and order it to be affirmed.